# No. 111

## HARRY DRIBEN
### v.
## CHECKER TAXI CO.

Argued: Nov. 19, 1975. Decided: Aug. 31, 1976.

*Case tried to Sullivan, J.,* in the District Court of Southern Norfolk. Number: 25534.

Present: Lee, P.J., Rider, and Welsh, J.J.

**Rider, J.** The plaintiff was injured on October 11, 1971 in Boston, while a passenger in a taxicab owned by the defendant. Count 1 of plaintiff's declaration is in tort for personal injuries and count 2 alleges a breach of contract in that the defendant failed to provide good and safe transportation to the plaintiff.

Defendant's answer includes, *inter alia,* a general denial, exemption from tort liability to the extent of

any personal injury protection benefits the plaintiff is or would be, except for a deductible, entitled to recover under G.L. c. 90, §34M, and that the injuries, sickness or disease alleged and the expenses incurred in the treatment thereof are not such as to permit the plaintiff to recover damages for pain and suffering.

The court found for the defendant on the negligence count (count 1) and for the plaintiff on the contract count (count 2) in the amount of $1250.

It was agreed at the time of trial that the defendant owned the vehicle in question, that the operator was employed by the defendant as a cab driver and was acting in the course of his business at the time of the accident, that the plaintiff was riding as a fare-paying passenger in the back seat of the defendant's vehicle, that as a result of the accident the plaintiff incurred medical bills of $317. and that the plaintiff lost no wages but did incur loss of earning capacity.

*At the trial there was evidence tending to show that* on October 11, 1971 about 8:00 P.M. the plaintiff was riding as a passenger in the rear seat of the defendant's vehicle on Brookline Avenue, in Boston, Massachusetts, that a second vehicle, which was on the roadway in front of the defendant's vehicle, stopped on Brookline Avenue, that the defendant operator failed to stop or slow down and ran into the rear of this stopped vehicle. As a result of the accident the plaintiff was thrown forward in the taxicab striking his right shoulder and chest on the iron bar located on the partition which separates the operator and the passenger, causing injury to his right shoulder and chest. The plaintiff lost no time from work as a result of this accident.

At the close of the evidence and before final arguments, the defendant made the following requests for rulings:

"1. On Count I of the plaintiff's declaration there is insufficient evidence to warrant a finding that the plaintiff is entitled recovery for pain and suffering and/or that the plaintiff has complied with the provisions of Massachusetts General Laws, Chapter 231, Section 6D.

2. On Count I of the plaintiff's declaration that the defendant is exempt from tort liability for damages to the extent that the plaintiff is or would be except for a deductible, entitled to recover personal injury protection benefits in this action under the provisions of Massachusetts General Laws, Chapter 90, Section 34M.

3. On Count II of the plaintiff's declaration that the defendant is exempt from tort liability for damages to the extent that the plaintiff is or would be except for a deductible, entitled to recover personal injury protection benefits in this action under the provisions of Massachusetts General Laws, Chapter 90, Section 34M.

4. There can be no recovery on Count II for pain and suffering, loss of earning capacity or medical bills."

The court allowed all of defendant's requests for rulings except number 4 which was denied.

The defendant claims to be aggrieved by the court's finding for the plaintiff for pain and suffering, loss of earning capacity and medical bills under count 2 and its denial of defendant's request for ruling No. 4.

In conjunction with the hearing before the Appellate Division, counsel for both parties filed the following stipulation:

"1. The vehicle in question was owned by the Checker Taxi Company.

2. Said vehicle was a Massachusetts registered vehicle bearing registration number TAXI 28.

3. Said vehicle is insured in accordance with G.L. 90."

From this stipulation we infer that the defendant's taxicab was covered by a "motor vehicle liability policy" (G.L. c. 90, §34A) providing "personal injury protection" (G.L. c. 90, §34A), the so-called 'no-fault benefits'. The record does not indicate whether or not the plaintiff had personal injury protection benefits available to him through a vehicle owned by him or by a member of his household. For the purpose of this opinion we assume that he did not.

The issues raised by the defendant are these:

1. Whether in an action for breach of contract the plaintiff may recover damages for pain and suffering in view of the limitation placed on such recovery by G.L. c. 231, §6D, where plaintiff's medical expenses were only $317. and his injury was not within the enumerated exceptions.

2. Whether the provisions of G.L. c. 231, §6D apply to a taxicab which is insured under the provisions of G.L. c. 90, §34M in an action of contract for breach of safe transportation.

3. Whether the denial by the trial justice of defendant's request for ruling No. 4 was in error.

The Supreme Judicial Court has resolved the first two issues in the recent case of *Scandura v. Trombly Motor Coach Service, Inc.,* —— Mass. ——, (1976).[1] The *Scandura* case appears to be on all fours with the instant case. In that case the plaintiff, a fare-paying passenger on a bus owned and operated by the defendant, a common carrier, was injured and sought damages including recovery for her pain and suffering in a contract action. In denying recovery in contract, the Supreme Judicial Court said:

---

[1] Mass. Adv. Sh. (1976) 1752.

"The plaintiff is not entitled to recover damages for pain and suffering from the defendant. The legislative intent behind §6D is to foreclose such a recovery in this situation. Where a motor vehicle registered in the Commonwealth is covered by a standard motor vehicle liability policy (providing no-fault coverage, as it must), §6D explicity forbids a passenger in that vehicle from recovering for pain and suffering in an action of tort, and §6D implicity bars such recovery in an action of contract . . . ." *Id.* at ———.[2]

Upon the authority of the *Scandura* case we answer the first question in the negative and the second question in the affirmative. Consequently, we hold that the trial justice erred in the denial of defendant's request No. 4 and that this was prejudicial error with respect to an issue decisive of the case.

The following quotation from the *Scandura* case is particularly pertinent to the case before us:

"If contract actions could be maintained to recover damages for pain and suffering when tort actions to recover such damages are barred by §6D, the purpose of the no-fault law (of which §6D is a significant element) would be frustrated in part. If the plaintiff's argument were accepted, the practical result would be to exclude from the full operation of the no-fault law all passengers in vehicles for hire covered by a standard motor vehicle liability policy. The excluded class would consist of passengers in a considerable variety of motor vehicles, such as buses, taxicabs, ambulances, and other vehicles hired with a driver." *Id.* ———.[3]

It may be argued that the trial justice was technically correct in denying defendant's request No. 4 because of the inclusion of 'loss of earning capacity

---

[2] Mass. Adv. Sh. (1976) 1752, 1756-1757.
[3] Mass. Adv. Sh. (1976) 1752, 1761-1762.

or medical bills' therein. The short answer is that the plaintiff is entitled to no-fault benefits inclusive of said benefits under the "personal injury protection" provisions of G.L. c. 90, §34A, but he cannot recover them in this contract action.

In our opinion it was prejudicial error to deny defendant's request for ruling No. 4. The finding for the plaintiff should be reversed and judgment should be ordered for the defendant.

**So ordered.**